# United States District Court

---------- DISTRICT OF SOUTH DAKOTA ----------

SOUTHERN DIVISION

FILED
DEC 21 2005

UNITED STATES OF AMERICA,

        Plaintiff,

**ORDER OF DETENTION**

v.

MARY KAY WILK,
a/k/a Mary Joseph,

        Defendant

CASE NUMBER: CR. 05-40137-02

    This matter came before the court for an initial appearance, arraignment and detention hearing on an Indictment in the above matter on Tuesday, December 20, 2005. The defendant, Mary Kay Wilk, appeared in person and by her counsel, Matt Theophilus. The United States appeared by Assistant United States Attorney, Kathy Ford.

    In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

[ X ]    (1)    There is a serious risk that the defendant will not appear.

[ X ]    (2)    There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II - Written Statement of Reasons for Detention

    I find that the credible testimony and information submitted at the hearing establishes that:

    The defendant is charged in the Indictment with Conspiracy, Bank Fraud and Aggravated Identity Theft in violation of 18 U.S.C. §§ 371, 1344, 2, 1028A(a)(1) and (2). Defendant has been indicted by the grand jury so there is probable cause to believe that defendant has committed the offenses with which she is charged. Defendant faces a maximum possible penalty of 30 years imprisonment (per count) if convicted of Count 2-7 of the Indictment.

    The government requested the Defendant be detained. Defendant presented no evidence at the hearing. Based on the information contained in the pretrial services report and given the nature of the crimes alleged in the Indictment, I find that there is no condition or combination of conditions of release that will assure the presence of the defendant at further proceedings in this matter or would reasonably assure the safety to the community.

In reaching these decisions, I have considered:

(1) the nature and circumstances of the offense charged;

(2) the weight of the evidence against the defendant;

(3) the defendant's history and personal characteristics, including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in this community, community ties, past conduct, criminal history, as well as court appearance record; and

(4) the nature and seriousness of the danger posed to other persons in the community if defendant were to be released.

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: Dec 20, 2005

John E. Simko, United States Magistrate Judge

ATTEST:

JOSEPH HAAS, Clerk

By Shelly Margulies, Deputy

(SEAL)